IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAIME CHAVEZ, #220668, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CASE NO. 2:19-cv-1044-MHT-SMD |
| | ) |
| ANTHONY PARKER, | ) |
| | ) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  **Introduction**

Pro se prisoner Jaime Chavez ("Chavez") brings this 42 U.S.C. § 1983 excessive force claim against Alabama Department of Corrections ("ADOC") Corrections Officer Anthony Parker ("Parker") seeking money damages and other relief.  Compl. (Doc. 1). Chavez demands a jury trial.  *Id.* at 1.  Chavez alleges that Parker assaulted him causing injury to his mouth and head.  *Id.* p. 2 ¶ V.  Pending before the Court is Parker's motion for summary judgment.  (Docs. 44, 45).  The undisputed summary judgment record establishes that Chavez attacked Officer Parker, and Officer Parker responded by striking Chavez in the face and chest in a good faith effort to maintain discipline.  (Doc. 44-2). Although Chavez sustained injuries, there is no evidence that Officer Parker acted maliciously and sadistically in order to cause Chavez harm in violation of the Eighth Amendment.  Chavez has failed to show a genuine issue of material fact for trial, and the

undersigned RECOMMENDS that Officer Parker's motion be GRANTED, and JUDGMENT entered in his favor.

## II. Legal Standard

### Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When the non-moving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to "make a showing sufficient to establish the existence of an element essential to [its] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The legal elements of the plaintiff's claim dictate which facts are material and which are irrelevant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A fact is not material if a dispute over that fact will not affect the outcome of the case under the governing law. *Id.* "If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law." *Celotex*, 477 U.S. at 331 (White, J., concurring).

The court must view the proffered evidence in the light most favorable to the nonmovant and resolve all reasonable doubts about the facts in the nonmovant's favor. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1243 (11th Cir. 2001). However, a mere scintilla of evidence in support of a claim is insufficient; the nonmovant must produce sufficient evidence to enable a jury to rule in his favor. *Id.* The Eleventh Circuit explains that "[s]imply put, the plain language of Rule 56(c) mandates the entry of

summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* (internal quotes and citations omitted).

Although factual inferences must be drawn in favor of the non-moving party and pro se pleadings are entitled to a liberal interpretation, a litigant's pro se status does not allow him to escape the essential burden on summary judgment of establishing a genuine dispute concerning a material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). On summary judgment, a pro se plaintiff must still adduce evidence sufficient to establish the essential elements of his claims. *Id.*

### III.   Undisputed Facts

On October 12, 2018, Officer Parker was on duty in the G-Dormitory of Kilby Correctional Facility in Montgomery, Alabama. Parker Affidavit (Doc. 44-2). He gave inmate Chavez a direct order to report to work. *Id.* Chavez became belligerent. *Id.* He advanced on Officer Parker and swung at him striking him on the right shoulder with a closed fist. *Id.* Officer Parker reacted by striking Chavez with a closed fist in his upper chest and facial area. *Id.* Chavez fell to the ground and hit his head on the sidewalk. *Id.* Officer Parker immediately ceased all use of force and called a code white. *Id.*

Lieutenant Craig responded to the call and Officer Parker reported the incident to him. *Id.* Lieutenant Craig and LPN Kuoh then escorted Chavez to the P-Ward for medical assessment. *Id.* Chavez was bleeding from the back of his head and had some swelling and bleeding in his mouth and a loose flap of skin on his lip. (Doc. 44-4) p. 14. His scalp

was closed with four staples and his upper lip was sutured. (Doc. 44-4) p. 9. Chavez later complained of dental pain and was referred to a dental provider who noted a loose tooth. (Doc. 44-4) pp. 11-13, 16-21.

A disciplinary action was initiated against Chavez for assault on an ADOC officer. Calloway Affidavit (Doc. 44-3); (Doc. 44-4) p. 26. Chavez was found guilty and sentenced to restrictive housing. *Id.*

## IV. Discussion

### A. Chavez's Unsworn Statement Cannot be Considered.

Pursuant to the Court's special report procedure, Chavez was given notice that Officer Parker's special report could be treated as a motion for summary judgment. (Doc. 45) at 3. The undersigned advised Chavez that to oppose the motion, he could not rely on his unsworn pleadings and must file "affidavits, sworn/verified declarations or statements made under penalty of perjury and other evidentiary materials developed through discovery or other appropriate means" that "set forth specific facts demonstrating there is a genuine issue of material fact for trial[.]" *Id.* The order further advised Chavez that "[a]n affidavit is a statement in writing sworn to by the affiant under oath . . . before a notary public or other authorized officer," and that if a notary is not available, Chavez could support his response with "a statement made under penalty of perjury" under 28 U.S.C. § 1746. *Id.* n. 2. The order quoted § 1746 and provided the required language for a declaration that "I declare . . . under penalty of perjury that the foregoing is true and correct." *Id. See*

4

*generally*, *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985) (explaining notice requirements for pro se litigants).

Chavez filed a six-page handwritten opposition. (Doc. 48). Pages 1-3 contain legal arguments with citations to authority and pages 4-6 contain Chavez's factual statement. (Doc. 48). Chavez's factual statement is written on a preprinted affidavit form, but it is not sworn before a notary and all the notary portions are blank. (Doc. 48) at 4. At the end, Chavez writes "I swear that this is nothing but the truth. So help me God" and writes his name, last name first, and the date. (Doc. 48) at 6. This document is not an affidavit or declaration that may be used to raise a factual issue precluding summary judgment.

The Eleventh Circuit's recent opinion in *Roy v. Ivy*, 53 F.4th 1338, 1350 (11th Cir. 2022) controls this issue. In *Roy*, as here, a pro se prisoner presented an unsworn statement labeled as an affidavit in opposition to defendants' motion for summary judgment. *Id.* at 1343, 1350. The Circuit held that in order for the statement to be considered on summary judgment, it must meet the statutory requirements of § 1746. *Id.* at 1348, 1350. Declarant must, at a minimum (1) date and sign the document, (2) state that its contents are true, and (3) place himself under penalty of perjury. *Id.* at 1348, 1350. Because the statement in *Roy* lacked any penalty of perjury language, it could not be considered on summary judgment. *Id.* at 1350 (adopting reasoning in *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1305-1306 (5th Cir. 1988)). Excusing this omission would allow a plaintiff "'to circumvent the penalties for perjury in signing onto intentional falsehoods.'" *Roy*, 53 F.4th at 1350 (*quoting Nissho-Iwai Am. Corp.*, 845 F.2d at 1306).

5

Here, as in *Roy*, Chavez's unsworn statement lacks any penalty of perjury language, and it cannot be considered on summary judgment. *See* (Doc. 48) at 6. Any factual assertions in Chavez's opposition (Doc. 48) will be disregarded for purposes of this motion. *Roy*, 53 F.4th at 1350; *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n. 26 (11th Cir. 2003) (explaining that unsworn statement is insufficient to raise a fact issue precluding summary judgment).

For the same reasons, the factual allegations in Chavez's complaint cannot be considered. Specific facts pleaded in a sworn complaint may be considered in opposition to summary judgment. *Caldwell v. Warden FCI Talledega*, 748 F.3d 1090, 1098 (11th Cir. 2014). To be sworn, a complaint must be properly executed under oath before a notary or properly verified under § 1746. *Walker v. Poveda*, 735 F. App'x 690 (11th Cir. 2018). The preprinted form complaint that Chavez used contained the proper § 1746 language at page 4, but the factual statement he attached contains a different verification affirming "that the foregoing statements are true and correct under penalty of law." (Doc. 1) pp. 4, 9. The "penalty of perjury" language is the most critical element of § 1746, and its omission means that the attachment to Chavez's complaint does not substantially comply with the statute. *Roy*, 53 F.4th at 1350. Therefore, it cannot be considered on summary judgment.[1]

---

[1] Even if Chavez's opposition and complaint could be considered, they do not raise a disputed issue of material fact. Chavez alleges that he lost consciousness and woke up hours later in the infirmary with no recollection of the use of force incident. Compl. (Doc. 1) p. 7 ¶ 10; Opp. (Doc. 48) p. 5. Because Chavez admits that he does not know what happened during the use of force incident, his statements do not raise a genuine factual dispute material to his excessive force claim.

B.    **Eighth Amendment Excessive Force**

Convicted prisoners' excessive force claims are governed by the Eighth Amendment's cruel and unusual punishments clause.[2]  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).  A prisoner must show "the unnecessary and wanton infliction of pain" to prevail.  *Id.* (internal quotes and citation omitted).  Prison guards may use force to keep order, but they must balance the force needed to maintain or restore discipline with the risk of injury to inmates.  *Id.* at 6.  The Supreme Court recognizes that breaches in discipline may require guards "to act quickly and decisively" without time for careful deliberation and "'the luxury of a second chance.'"  *Id.* at 6 (*quoting Whitley v. Albers*, 475 U.S. 312, 320 (1986)).  Therefore, prison officials "'should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional authority.'"  *Hudson*, 503 U.S. at 6 (quoting *Whitley*, 475 U.S. at 321-322)

The core judicial inquiry on an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Id.* at 7.  *See also Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999) (holding same).  Stated another way, could the guard's use of force "plausibly have been thought necessary in a particular situation, or instead evinced

---

[2]Pretrial detainee's excessive force claims are governed by an objective reasonableness standard under the Fourteenth Amendment that is derived from the Fourth Amendment standard, not the Eighth Amendment's malicious and sadistic standard.  *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Patel v. Lanier Cnty. Ga.*, 969 F.3d 1173, 1181-82 (11th Cir. 2020).

7

such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness" to inflict injury and pain. *Hudson*, 503 U.S. at 6 (internal quotes and citation omitted). In determining whether the use of force was justified or wanton and unnecessary, a court may consider (1) the need for the application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the guard, (4) any efforts made to temper the severity of the force, and (5) the extent of injury suffered by the inmate. *Id.* at 7. In the Eleventh Circuit, qualified immunity is not available as a defense to an Eighth Amendment excessive force claim because it requires that force be used "maliciously and sadistically to cause harm." *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002) (internal quotes and citation omitted).

Here, the undisputed facts in the summary judgment record show that when Officer Parker ordered Chavez to report to work, inmate Chavez became belligerent and attacked Officer Parker by striking him on the shoulder with a closed fist. Parker affidavit (Doc. 44-2); Calloway affidavit (Doc. 44-3) (establishing that Chavez was convicted of assault on an ADOC officer in a prison disciplinary proceeding). An inmate assault on a corrections officer is a grave breach of prison discipline that justifies application of force to protect the officer and restore order. Officer Parker defended himself and gained control of Chavez by striking him in his upper chest and facial area with a closed fist. Parker affidavit (Doc. 44-2). This was a reasonable response to an inmate assault that Officer Parker could plausibly have thought necessary under the circumstances to defend himself and restore discipline. Chavez fell to the ground and struck his head on the sidewalk, but

8

there is no evidence that Officer Parker intended this to happen. Parker affidavit (Doc. 44-2). Once Chavez fell, Officer Parker immediately ceased all use of force, called a code white, reported the incident, and saw that Chavez was escorted to the medical ward for assessment. Parker affidavit (Doc. 44-2). These actions all tempered the severity of the force used. Chavez suffered injury to his scalp, mouth, and lip, but the inmate's injury alone cannot establish an Eighth Amendment violation. *See Hudson*, 503 U.S. at 7; *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (explaining that "[i]njury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts). Under these circumstances, Officer Parker's use of force against inmate Chavez was made in a good-faith effort to defend himself and restore discipline. There is no evidence in the record that would allow a jury to find that Officer Parker's use of force here was unnecessary and that he acted wantonly, maliciously, and sadistically for the purpose of causing harm to Chavez. Accordingly, Chavez's Eighth Amendment excessive force claim fails.

## V. CONCLUSION

For the above-stated reasons, the Magistrate Judge RECOMMENDS that Defendant's Motion for Summary Judgment (Doc. 44) be GRANTED, and that JUDGMENT be entered in FAVOR OF DEFENDANT on all claims. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before February 9, 2023. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the

Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

      DONE this 26th day of January, 2023.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE