IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JAIME CHAVEZ,                )<br>                              )<br>     Plaintiff,              )<br>                              )<br>     v.                       )<br>                              )<br>ANTHONY PARKER, Officer,      )<br>                              )<br>     Defendant.               ) | CIVIL ACTION NO.<br>  2:19cv1044-MHT<br>       (WO) |

## OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, a state prisoner, filed this lawsuit asserting that the defendant correctional officer violated his Eighth Amendment rights by maliciously beating him, leaving him with permanent injuries.  This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that defendant's motion for summary judgment be granted.  There are no objections to the recommendation.  After an independent and de novo review of the record, the court concludes that the magistrate judge's recommendation should be adopted in part and rejected in part as to the reasoning and

adopted as to the result.

Specifically, the court does not adopt the recommendation's reasoning to the extent that it finds that *Roy v. Ivy*, 53 F.4th 1338 (11th Cir. 2022), prohibits consideration of plaintiff's verified complaint and attached statement of facts. In *Roy*, the court found that several unsworn witness statements and a statement of facts submitted in opposition to summary judgment by the pro se plaintiff could not be considered as evidence on summary judgment because they were not sworn affidavits and did not meet the requirements of 28 U.S.C. § 1746 for declarations. *Id*. at 1348-50.

28 U.S.C. § 1746 allows for the use of declarations under penalty of perjury in place of sworn affidavits if certain requirements are met. The statute provides that a "matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or

2

statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in *substantially the following form*: ... "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."  28 U.S.C. § 1746 (emphasis added).  As indicated by the italicized language, perfect compliance is not required, but compliance must be substantial.

Plaintiff submitted his complaint on a preprinted complaint form available to prisoners.  At the end of the form, the following sentence appears: "I declare under penalty of perjury that the foregoing is true and correct."  Plaintiff signed and dated the complaint immediately after this statement.  In the factual sections of the form, plaintiff wrote "see attached," thereby incorporating by reference the attached document.  Complaint (Doc. 1) at 3-4.  The attached document contains factual allegations in support of his

3

claims and a demand for relief. At the end appears the following statement, "I affirm that the foregoing statements are true and correct under penalty of law," followed by plaintiff's signature and the date. Complaint (Doc. 1) at 10.

The court finds that the plaintiff's verified complaint and attached statement of facts substantially comply with the requirements of § 1746 and are distinguishable from the statements at issue in *Roy*. Plaintiff's complaint contains the exact language required by § 1746, and explicitly refers to and incorporates by reference the directly attached statement of facts. In addition, that statement of facts itself comes quite close to containing the exact § 1746 language. It merely substitutes the phrase "penalty of law" for "penalty of perjury." This language is substantially compliant with § 1746, as it makes clear that the declarant is subjecting himself to legal penalties for stating that the facts are true and

4

correct.

The facts here are also distinguishable from those at issue in *Roy*. There, the court rejected the use of unsworn statements that contained *neither* "penalty of perjury" language *nor* an affirmation that the statements were true and correct. *Id*. at 1348-50. Here, in contrast, both of those are present. Indeed, the *Roy* court made clear that it was *not* addressing the situation in which one of the requirements was met, but not the other. The court *sua sponte* called attention to the case of *LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham,* 185 F.3d 61, 65–66 (2d Cir. 1999), the Second Circuit Court of Appeals found that an unsworn letter that used "penalty of perjury" language but did not state the contents were true and correct substantially complied with § 1746. *See Roy* at 1350 n. 9. The *Roy* court explained that *Worsham* "is inapposite here... [because,] [u]nlike the unsworn letter in that case, Roy's unsworn statement did not

5

comply with two § 1746 requirements: (1) it was not made under penalty of perjury; and (2) it did not declare (or certify, verify, or state) that its contents were true or correct." *Roy*, 53 F.4th at 1350.

Considering plaintiff's sworn complaint and statement of facts does not change the result. The court agrees with the finding in the recommendation that, even if the court were to consider the complaint and attached statement of facts, plaintiff failed to put forward sufficient evidence for a reasonable trier of fact to rule in his favor. Accordingly, summary judgment will be granted.

An appropriate judgment will be entered.

DONE, this the 27th day of March, 2023.

                              /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**